Sheila BAST and Ronald
Bast, Plaintiffs,

v.

A.H. ROBINS COMPANY, INC., et
al., Defendants.

Mary K. FULLERTON and James
Fullerton, Plaintiffs,

v.

A.H. ROBINS COMPANY, INC., et
al., Defendants.

Kathleen C. GRAVES and Marvin
Graves, Plaintiffs,

v.

A.H. ROBINS COMPANY, INC., et
al., Defendants.

Nos. 85–C–323, 85–C–329 and 85–C–330.

United States District Court,
E.D. Wisconsin.

July 23, 1985.

Gilda B. Shellow, Shellow, Shellow & Glynn, Milwaukee, Wis., John A. Cochrane, Cochrane & Bresnahan, St. Paul, Minn., for plaintiffs.

Stuart Parsons, Mark E. Sanders, and Angela L. Johnson, of Quarles & Brady, Milwaukee, Wis., for Aetna.

Edmund Powell of Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for A.H. Robins Co.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

In each of these Dalkon Shield device actions, the plaintiffs seek to impose direct liability for their injuries upon Aetna Casualty and Surety Company, the A.H. Robins Company's insurance carrier. The plaintiffs allege seven substantive theories of recovery, including one arising under 18 U.S.C. § 1961, et seq., the Racketeer Influenced and Corrupt Organizations Act. (RICO). Aetna moves to dismiss all claims against it pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure. Its motion will be granted.

The complaints in these cases are virtually identical and assert allegations of negligence (count 1), strict liability (count 2), breach of implied (count 3) and express (count 4) warranties, misrepresentation (count 5), and fraud (count 6). Count 7 alleges a "civil RICO" violation. In addition, count 8 purports to state a claim for loss of society and companionship on behalf of the plaintiffs' spouses.

Counts 1 and 4 fail to allege the basic facts demonstrating the plaintiffs' entitlement to relief from Aetna. As to count 1, which charges negligence, the plaintiffs' complaints are "fatally flawed by an omission to set forth all of the essential elements of the claim." *Johnson v. United States*, 547 F.2d 688, 695 (D.C.Cir.1976); the complaints do not aver the existence of a duty of care owed the plaintiffs by Aetna, its breach by Aetna, and resultant injuries proximately caused by such breach. Paragraph 18 of count 4, charging Aetna with aiding Robins in the making of "false express warranties," is wholly conclusory and so devoid of factual averments as to prevent Aetna from adequately forming a responsive pleading.

Counts 2, 3, 5, and 6 name and refer only to Robins; they do not name or otherwise refer to defendant Aetna in any manner whatsoever. As such, these four counts are devoid of any substantive allegation against Aetna and thus, to paraphrase the court in *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982), leave one without a clue as to what the case against Aetna is about. Likewise,

count 6, the fraud count, completely ignores Aetna and as such does not satisfy Rule 9(b). *See Haroco, Inc. v. American National Bank and Trust Co.*, 747 F.2d 384, 405 (7th Cir.1984), where the court reiterated that Rule 9(b) requires allegations of fraud to specify "with particularity" the circumstances of the alleged fraud.

Count 7, sounding in "civil RICO," charges Aetna with participating in an enterprise comprised of all the defendants which engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). That section prohibits any person associated with any enterprise engaged in interstate commerce from participating "in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). Section 1964(c), in turn, provides a private right of action for treble damages to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter...." *See Sedima, S.P.R.L. v. Imrex Co., Inc.*, —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

■ The plaintiffs' RICO claims against Aetna must be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. These are essentially product liability cases involving claims that the plaintiffs suffered illness and injuries secondary to their contraceptive use of the Dalkon Shield IUD, as manufactured and marketed by the A.H. Robins Company, including unplanned pregnancies, spontaneous incomplete septic abortions, migration of the IUD, hysterectomies, pelvic inflammatory disease, and pelvic adhesion.

In *Bankers Trust Co. v. Rhoades*, 741 F.2d 511, 515 (2d Cir.1984), the court held that "a person physically injured ... is not given a right to recover for his personal injuries" under § 1964(c). That section, the court held, permits suit for injuries to one's business or some other proprietary interest. *Bankers Trust, supra*, 741 F.2d at 515. The complaints in the cases at bar, however, contain absolutely no allegations

relating to the "proprietary type of damage" which the plaintiffs must show in order to satisfy the "business or property" injury requirement in a § 1964(c) RICO action. *Bankers Trust, supra*, 741 F.2d at 515.

■ Count 8, claiming loss of society and companionship on behalf of the plaintiffs' spouses, does not allege any facts demonstrating their entitlement to relief from Aetna. Rule 8(a)(2). Despite the liberal pleading policy in the Federal Rules, the plaintiffs have failed to meet their pleading burden, *Murphy, supra*, 691 F.2d at 353, and count 8 must be dismissed so far as it purports to allege direct liability against Aetna.

Therefore, IT IS ORDERED that Aetna's motion to dismiss all claims asserted against it in these actions be and hereby is granted.